UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

UNITED STATES OF AMERICA,

                    -against-

LUIS J. HERNANDEZ, JR,

              Defendant.

------------------------------------------------------------------X

<u>For Online Publication Only</u>

**ORDER**
10-CR-281-JMA-ARL-17

**FILED
CLERK**

6:45 pm, Oct 26, 2021

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**APPEARANCES:**

Breon Peace
    United States Attorney
Charles N. Rose
     Assistant United States Attorney
Eastern District of New York
610 Federal Plaza
Central Islip, NY 11722
     *Attorneys for the United States*

Luis Hernandez, Jr.,
78591-053
FCI Allenwood
P.O. Box 2000
White Deer, PA 17887
     *Pro Se Defendant*

**AZRACK, United States District Judge:**

      Defendant Luis Hernandez, Jr. ("Defendant") is currently serving a 151-month sentence imposed by the late Judge Sandra J. Feuerstein after he entered a plea agreement for robbery conspiracy pursuant to 18 U.S.C. § 1951(a). According to Bureau of Prisons records cited by the Government, Defendant is set to be released from FCI Allenwood on or about June 24, 2023. Pending before the Court is Defendant's motion for the Court to make a non-binding recommendation to the Bureau of Prisons ("BOP") that he serve the remainder of his sentence in a halfway house. (ECF No. 598.) The Government opposes his request. (ECF No. 599.)

As the Second Circuit has explained, under Section 3621(b)(4)(B), "the BOP must consider a recommendation from the sentencing court about the place of incarceration, but '[a]fter a defendant is sentenced, it falls to BOP, not the district judge, to determine . . . a defendant's place of confinement." United States v. McMillan, 741 F. App'x 856, 857 (2d Cir. 2018).  Further, "the district judge's views are not controlling." Id.

The Court lauds Defendant's many efforts at rehabilitation while incarcerated and hopes that the BOP will consider them in making a determination as to Defendant's place of confinement. However, the Court is not in a position to make a recommendation to the BOP in light of, inter alia, the undersigned not having been Defendant's sentencing judge as well as the lack of details in the record before the Court as to the incident involving Defendant's possession of a dangerous weapon while in custody on October 25, 2012.

Nevertheless, the Court instructs the Government to make Defendant's submissions detailing his rehabilitative efforts available to the BOP so that the BOP can consider them in making a determination as to whether assignment to a halfway house is appropriate for the remainder of Defendant's sentence.

The Clerk of Court is respectfully directed to terminate the pending motion at ECF No. 598 and mail a copy of this Order to the pro se defendant at his address of record.  The Government is respectfully directed to file proof of service to the BOP on the docket.

**SO ORDERED.**

Dated:  October 26, 2021
        Central Islip, New York

                                            /s/ (JMA)
                                            JOAN M. AZRACK
                                            UNITED STATES DISTRICT JUDGE